THOMAS H. O'CONNOR, Respondent, *v.* PETER W. FELIX et al., Defendants; MICHAEL H. HAGERTY, Appellant.

MORTGAGE FORECLOSURE — SERVICE OF SUMMONS AND COMPLAINT — COMPELLING PURCHASER TO TAKE TITLE.  · The purchaser at a mortgage foreclosure sale, under a judgment regular upon its face, having refused to take title, on the ground that the defendant owner of the fee had not been personally served with the summons and complaint in the foreclosure action, a reference on that question was directed on the plaintiff's motion, which resulted in an order compelling the purchaser to complete his purchase. *Held*, on a review of the facts, that the conclusion that the defendant owner of the fee had been personally served was warranted by the evidence, and hence, *held further*, without expressing any opinion as to the mode of attack open to such defendant if he should hereafter assail the judgment in the action, that the purchaser was properly compelled to complete his purchase, although the defendant was not bound by the present proceeding.

Reported below, 87 Hun, 179.

(Argued November 25, 1895; decided December 10, 1895.)

APPEAL by the purchaser at a foreclosure sale from order of the General Term of the Supreme Court, made May 17, 1895, which affirmed an order of the court at Special Term confirming the report of a referee appointed to take testimony as to the service of the summons and complaint upon the owner of the fee and requiring the appellant to take title.

This action was brought to foreclose a mortgage of $25,000 made by the defendants Peter W. Felix and wife to the plaintiff, covering eighteen lots of land in the city of New York. On February 10, 1893, judgment of foreclosure and sale was made and entered on the usual affidavits showing personal service of the summons upon the defendant Peter W. Felix and that all the defendants had been served or had appeared.

At the sale under the judgment the defendant Patrick Fox bid in two of the lots and afterwards failed to complete his purchase. A re-sale was ordered and Patrick Fox again bid in the same two lots and again failed to complete his purchase. An order was made requiring him to complete, which

was not complied with, and a third order for a sale of the lots.
was made, at which sale Michael H. Hagerty, a stranger to the
action, purchased but refused to complete, because there was.
served upon him an affidavit of the defendant Peter W. Felix
and an affidavit of the defendant Patrick Fox to the effect
that Felix had never been served with the summons in this.
action.

A motion was made by the plaintiff to compel the pur-
chaser to complete, and an order was made (under section 1015.
of the Code) referring it to a referee, to ascertain whether the
service had been made on the defendant Felix. The referee
took the proofs offered and reported that the service had been
made, and an order was made confirming the report and
requiring the purchaser to complete. On appeal to the Gen-
eral Term this order was affirmed, and from this order of
affirmance the present appeal is taken.

Further facts are stated in the opinion.

*James A. Deering* for appellant. The appellant is entitled
to a clear marketable title, and a title which is exposed to
attack in any form of suit or proceeding, whether by an
independent action or motion in this action or otherwise, is
not a marketable title. (*Fleming* v. *Burnham*, 100 N. Y.
10.) The appellant, Hagerty ought not to be compelled to.
complete his purchase because the defendant Felix, the owner
of the equity of redemption in the premises foreclosed, can in
a collateral action attack the judgment of foreclosure for want
of jurisdiction because of a failure to serve the summons and
complaint. (*Ferguson* v. *Crawford*, 70 N. Y. 253; *Bonnet* v.
*Lachman*, 48 N.Y. S. R. 749; *Hovey* v. *Elliott*, 145 N. Y. 126;
*Beardslee* v. *Dolge*, 143 N. Y. 160; *C. C. Bank* v. *Parent*,
134 N. Y. 527; *Julian* v. *Woolsey*, 68 N. Y. S. R. 472.)
The party interested in this contention is an innocent party,
who in good faith and in entire ignorance of the occurrences bid
upon this property and paid his ten per cent. (*Williamson* v.
*Field*, 2 Sandf. Ch. 533.) The purchaser at a judicial sale is
entitled to a marketable title. (*Greenblatt* v. *Hermann*, 144

N. Y. 20; *Moore* v. *Williams*, 115 N. Y. 592; *Swayne* v. *Lyon*, 67 Penn. St. 436; *Dobbs* v. *Norcross*, 24 N. J. Eq. 327; *Haberman* v. *Baker*, 128 N. Y. 255; *Vought* v. *Williams*, 120 N. Y. 253; *Ferry* v. *Sampson*, 112 N. Y. 415; *Ingersoll* v. *Mangan*, 84 N. Y. 622; *Verdin* v. *Slocum*, 71 N. Y. 345; *Cook* v. *Farren*, 34 Barb. 95; *Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 N. Y. 1; *Abbott* v. *James*, 111 N. Y. 673; *Delavan* v. *Duncan*, 49 N. Y. 485; *McPherson* v. *Smith*, 49 How. Pr. 254; Atkinson on Mark. Titles, 2, 3, 379, 632; Rawle on Cov. 450; *People* v. *Board of Stock Brokers, etc.*, 92 N. Y. 98; *Post* v. *Bernheimer*, 31 Hun, 247; *Shriver* v. *Shriver*, 86 N. Y. 575; *Lockman* v. *Reilly*, 29 Hun, 434; *Harris* v. *Strodl*, 132 N. Y. 392; *M. E. Ch.* v. *Thompson*, 108 N. Y. 618; *Moore* v. *Appleby*, 108 N. Y. 237; *Hellreigel* v. *Manning*, 97 N. Y. 56; *Walton* v. *Weeks*, 120 N. Y. 79; *Kilpatrick* v. *Barron*, 125 N. Y. 751; *Harriman* v. *Baker*, 120 N. Y. 253; *Irving* v. *Campbell*, 121 N. Y. 353; *Miller* v. *Wright*, 109 N. Y. 194; *Toole* v. *Toole*, 112 N. Y. 333.) Even if there were some ground to sustain the order of the Special Term confirming the referee's report, still that portion of the order which compels Hagerty to complete his purchase should be reversed. (*Goodwin* v. *Simonson*, 74 N. Y. 133.)

*Richard O'Gorman* for respondent. As the fact of service was determined by the referee upon conflicting evidence his finding should not be disturbed. (*Crim* v. *Starkweather*, 136 N. Y. 635; Code Civ. Pro. § 1337.) There is a strong presumption that the summons was properly served, and this can be overcome only by clear and convincing evidence. (*Murphy* v. *Shea*, 143 N. Y. 78; *Sargeant* v. *Mead*, 17 N. Y. S. R. 996; *Annis* v. *Upton*, 66 Barb. 370.) Where it appears that the defendant has endeavored to avoid service the court will require strong proof that the affidavit of service is untrue. (*Southwell* v. *Marryatt*, 1 Abb. Pr. 218.) In so far as the order requiring the purchaser to complete was an exercise of the discretion of the court it will not be disturbed

on this appeal. (*Dennerlein* v. *Dennerlein*, 111 N. Y. 518; *In re Baer*, 147 N. Y. 393.) The court at Special Term properly exercised its discretion in requiring the purchaser to complete his purchase. (*In re Baer*, 147 N. Y. 393.) The judgment cannot be attacked collaterally. (*Callen* v. *Ellison*, 13 Ohio St. 446; *Coit* v. *Haven*, 30 Conn. 190; *Needham* v. *Thayer*, 147 Mass. 536; *Farr* v. *Ladd*, 37 Vt. 156; *P. R. R. Co.* v. *Weeks*, 52 Maine, 456; *Hotchkiss* v. *Cutting*, 14 Minn. 537; *Harman* v. *Moore*, 112 Ind. 221; *Pugh* v. *McCue*, 86 Va. 475; *People* v. *Harrison*, 84 Cal. 607; *Borden* v. *State*, 11 Ark. 519; *Miller* v. *Ewing*, 8 S. & M. 421; *Peyroux* v. *Peyroux*, 24 La. 175; Freeman on Judgm. [4th ed.] § 131; *Bolton* v. *Schriever*, 135 N. Y. 65; *Roderigas* v. *E. R. S. Inst.*, 76 N. Y. 316; *O'Connor* v. *Higgins*, 113 N. Y. 516.)

BARTLETT, J. The referee was directed to determine the single question whether the amended summons and complaint were personally served on the defendant Peter W. Felix, the owner of the fee.

Nine witnesses were sworn on the reference, and a large amount of testimony taken.

The referee, at the close of an exhaustive report, stated that he was forced to conclude that the allegations contradicting the affidavit of service upon defendant Felix of the summons and complaint were the result of an afterthought, and wholly false.

We will not go into the details of this evidence although we have examined it with great care, and are satisfied there is no reasonable ground for believing that the defendant Felix was not served.

A brief outline of the material evidence before the referee is to the effect that one Yorke, a process server, swears positively to making service on Felix; while he did not know Felix the latter had been carefully described to him before making the effort to serve him, and after service was made

and called in question he identified Felix as the person served when pointed out to him on the street, in church, and in the office of the referee.

The service is alleged to have been made in Eighty-fifth street, on the eighth day of April, 1892.

Felix was engaged in putting marble work in a new building on Madison avenue, between Eighty-fourth and Eighty-fifth streets, and Yorke had arranged with Colwell, the janitor in charge of the new building, to point out to him Felix when leaving the building ; this Colwell did, and service was made.

It was afterwards claimed by Colwell that he purposely misled Yorke, and pointed out to him a painter who happened at that moment to be leaving the building, named Mulligan.

It is not necessary to follow Colwell through the details of his testimony, but it is sufficient to say that we agree with the referee when he states that because of the open and shameless mendacity of this witness and his many contradictions on the stand, his testimony is entitled to little or no weight.

Mulligan testified that some time during his employment on the new building in question he was served on the street by Yorke with papers in a sealed envelope, which he threw away ; he could not fix the date, not even the month.

Yorke swears positively that he never served papers on Mulligan at any time, and that the papers served on Felix were not in a sealed envelope.

Felix swears that he was never served, and was not at the new building on the day of the alleged service ; that he shut himself in his house from about the third of April, 1892, for three weeks, but denied that he knew this foreclosure action was pending, or that an attempt was being made to serve him ; he afterwards corrected his testimony by stating that he did remain at home to avoid service of papers which his brother-in-law, Fox, informed him were to be served upon him.

It appears that Fox had twice bid in the lots that were subsequently sold to Hagerty, the appellant, on the third sale, and had failed to complete his purchase.

This tends strongly to show that Felix knew of the pendency of this action, and it is not probable that Fox would have bid at the first and second sales of this property had he known that his brother-in-law, who lived in the same house with him, had not been served with the summons and complaint.

Felix admits that he went to New Jersey and remained there about two months in order to avoid service of subpœna in this proceeding.

As we are convinced that the witnesses Colwell, Mulligan and Felix are unworthy of belief, it is unnecessary to examine the evidence further.

This action involves the title to eighteen lots of land in the city of New York, of which the referee has already conveyed sixteen, and the remaining two are involved in this motion.

While it is true that Felix is not bound by this proceeding, we are satisfied that he was served in this action with the amended summons and complaint, and that the purchaser and appellant, Michael H. Hagerty, was properly required to take title of the two lots in question.

Title to real estate cannot be rendered unmarketable by any such state of facts as is disclosed by this record.

The learned General Term discusses at some length the mode of attack open to the defendant Felix if he should hereafter assail the judgment in this action.

This question, in our opinion, is not presented by this motion, and we express no opinion in regard to it.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.